UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JERRY MEEKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-311 TS |
| ) | |
| EDWARD BUSS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Jerry Meeks, a *pro se* prisoner, filed this habeas corpus petition challenging a sanction for loss of 90 days good time credit, imposed by the Indiana State Prison Disciplinary Hearing Board (DHB) on March 3, 2006.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Meeks was found guilty of possession or use of an unauthorized controlled substance. Mr. Meeks contends that pursuant to a prison policy, when a conduct report is written for a positive test result, the incident date is the date the positive result was received from the lab. Mr. Meeks asserts that in his conduct report the incident date was three days after the test results were received. In addition, Mr. Meeks submits that pursuant to prison policy, upon receiving a conduct report, the screening officer should consult with the individual responsible for writing the report and correct any errors. Mr. Meeks states that the conduct report contained an error because in one place it listed the incident date as February 7, 2006, and in another place, it listed the date as February 17, 2006. The screening officer did not correct this error. Habeas corpus relief is only available for the

violation of the federal constitution or laws. 28 U.S.C. § 2254(a); *Brewer v. Aiken*, 935 F.2d 850, 854 (7th Cir. 1991) (noting that § 2254 relief is granted only when there is a violation of federal statutory or constitutional law). This court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore, in this habeas proceeding, it is not relevant whether those rules were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

In addition, Mr. Meeks suggests that there was a breakdown in the chain of custody. Specifically, Mr. Meeks complains that the specimen was supposed to be mailed within twenty-four hours of collection. The laboratory report indicates that it did not receive the specimen until eight days after collection. Furthermore, one of the forms regarding the urine test stated that the test was "random" while another form stated "for cause." Mr. Meeks argues that these discrepancies are a break in the chain of custody. These arguments about chain of custody are challenges to the sufficiency of the evidence supporting the finding of guilt. That is to say, Mr. Meeks argument is that because of problems with the chain of custody, the evidence is insufficient to find him guilty.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> Absent some affirmative indication that a mistake may have been made, *e.g. Meeks [v. McBride]*, 81 F.3d [717] at 721 [(7th Cir. 1996)] (prisoner number on toxicology report did not match petitioner's number, another prisoner had same name as petitioner, and the two prisoners had been confused before), we cannot say that the toxicology report and chain of custody form fail to qualify as "some evidence" from which prison officials could conclude that Webb had used marijuana. *See United*

-2-

> *States v. Brown*, 136 F.3d 1176, 1182 (7th Cir. 1998) (hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence).

*Webb*, 224 F.3d at 653. Here, Mr. Meeks' challenge presents no allegation that the tested sample was not his or that the DHB's decision was arbitrary. Rather, this argument presents nothing more than technical, clerical errors. Though the alleged errors might raise questions about the weight or reliability of the test evidence, such questions are no different than asking this court to re-weigh witness testimony.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). Here, though this chain of custody might not be sufficient to support its admissibility in a court of law, due process does not set such a high standard for DHB proceedings and the test result is some evidence of guilt. *See Hill*, 472 U.S. at 456–57 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt

supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

For the foregoing reasons, the court **DENIES** this Petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DISCHARGES** the Respondent from any obligation to respond to this Court's order to show cause.

SO ORDERED on November 27, 2006.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT
                                         FORT WAYNE DIVISION